

**SO ORDERED.**
**SIGNED this 22nd day of July, 2016**

_____
Suzanne H. Bauknight
UNITED STATES BANKRUPTCY JUDGE

THIS ORDER HAS BEEN ENTERED ON THE DOCKET.
PLEASE SEE DOCKET FOR ENTRY DATE.

_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF TENNESSEE

IN RE:  JOHN DAVID LEE MOORE          # 16-30708-SHB
        PATRICIA ANNE MOORE           Chapter 13

## ORDER CONFIRMING CHAPTER 13 PLAN

The chapter 13 plan in this case or summary therof having been transmitted to scheduled creditors and it having been determined that plan as finalized complies with 11 U.S.C. § 1325 and should be confirmed, the court directs the following:

1. The plan, a copy of which is attached, is confirmed;
2. Property of the estate does not vest in the debtor(s) until completion of the plan; and
3. The attorney for the debtor(s) is awarded the fee set forth in the plan, to be paid by the Chapter 13 Trustee through the plan.

### # # #

APPROVED FOR ENTRY:

/s/ Gwendolyn M. Kerney
GWENDOLYN M. KERNEY
Chapter 13 Trustee
P.O. Box 228
Knoxville, TN  37901
(865) 524-4995

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF TENNESSEE

IN RE: JOHN DAVID LEE MOORE  # 16-30708-SHB
PATRICIA ANNE MOORE  Chapter 13

## MODIFICATION of PLAN
## WAGE EARNER – INCOME MONITORING

The debtor(s) hereby modify the Chapter 13 plan provisions filed in the case as follows:

\_\_\_\_ **Debtor(s) projects increased future income due to:** \_\_\_Employment change;\_\_\_Bonuses/Commissions/Overtime
\_\_\_\_ Other (describe) _____.
Therefore, debtor(s)' plan is amended as follows:

\_\_\_\_ Debtor(s) shall file an amended budget _____.
Amended monthly net income (amended schedule I, minus amended schedule J - for reasonable and necessary expenses) shall be paid into the plan by Agreed Order identifying the increased plan payment, if any.

\_\_\_\_ W-2 Wages/Bonuses/Overtime/Commissions. Debtor(s) to pay all NET Bonuses, Overtime, or commissions into the plan as additional plan payments. Net bonus/overtime/commission income is due to the Trustee as earned.

**X** Copies of signed federal income tax returns and attachments as filed with the Internal Revenue Service shall be supplied to the Trustee's office annually, not later than April 30 of each year, unless notified by the Trustee's office in writing that copies of said returns are no longer required.

\_\_\_\_ The Debtor(s) must stay current with post-petition tax obligations. In the event the debtor(s) have self-employment income, all required quarterly estimated tax payments shall be made timely. In the event the Debtor(s) have income subject to withholding, the debtor(s) shall ensure that sufficient sums are withheld to cover income tax liability. Debtor(s) shall timely file all required tax returns and remit any balance due with the return. Failure to comply with any of these provisions may result in automatic dismissal of the case.

\_\_\_\_ Debtor(s) to provide Trustee evidence of income tax estimated payments. Evidence of payment due to the Trustee 15 days after the payment is due to the IRS. (IRS Form 1040-ES).
(IRS due dates: April 15th, June 15th, September 15th, and January 15th)

\_\_\_\_ W-2 Wages/Bonuses/Overtime/Commissions
Debtor(s) to supply the Trustee on a monthly basis with all paystubs and/or wage statements throughout the term of the plan.
Debtor(s) to pay ALL monthly NET income in excess of _____ (enter average mthly amt) into the plan. NOTE: <u>Wage Order deductions are not factored into net income amounts. Amount of Wage Order deduction should be added back to paycheck net income for monitoring purposes.</u>
Net income will be averaged:
\_\_\_\_\_ Quarterly, with excess income due to the Trustee on April 15th, July 15th, October 15th, and January 15th.
\_\_\_\_\_ Semi-annually with excess income due to the Trustee on July 15th and January 15th.
\_\_\_\_\_ Monthly, with excess income due to the Trustee by the 15th of the following month.

Notice to creditors is not required since the above modification does not adversely affect the rights of creditors, or creditors have consented to modification. Any required notice to debtor(s) is the responsibility of debtor(s)' counsel.

_Gwendolyn Kerney_ (w/pm/p)    _[signature]_    _4/14/16_
Chapter 13 Trustee    Attorney for Debtor    DATE

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF TENNESSEE

IN RE:  JOHN DAVID LEE MOORE  　　　　# 16-30708-SHB
　　　　PATRICIA ANNE MOORE  
　　　　　　　　　　　　　　　　　　Chapter 13

### MODIFICATION OF PLAN (DATED: 7-18-16 )

The debtor(s) hereby modify the Chapter 13 plan provisions filed in the case as follows:

_X_ Plan payments are changed from _765.00_ per _month_ to _800.00_ per _month_ beg 7/2016 to be paid by ___wage order; or ___direct pay.

___ Plan payments are changed from _____ per _____ to _____ per _____ to be paid as follows:
　　_____ per _____ by ___Wage Order or ___Direct Pay from debtor and _____ per _____ by ___Wage Order or ___Direct Pay from debtor spouse.

_X_ Plan payments are changed from _800.00_ per _month_ to _370.00_ per _bi-weekly_ beginning _8-2016_

___ The term of the plan is extended from _____ to _____ months.

_X_ The dividend to unsecured creditors is changed to _71-100%_ or funds available, whichever is greater.

_X_ Tax refunds, tax rebates and/or earned income credit due into plan: ___ none; _X_ all; or ___ in excess of _____. A tax intercept order shall be issued for the debtor(s)' tax refund to be remitted directly by the Internal Revenue Service to the Trustee with the Trustee refunding debtor(s)' portion of the tax refund. If the debtor(s) is delinquent in plan payments at the time of tax intercept, then the entire tax refund/credit shall be paid into the plan with the debtor(s)' portion of the refund applied to the plan arrearage and the balance, if any, refunded to the debtor. In the event of a joint tax refund, debtor to supply affidavit from non-filing spouse necessary for tax refund distribution herein. In the event debtor(s) has claimed an exemption to these proceeds on schedule C, that exemption shall be and is hereby stricken with the tax refunds to be paid into the plan per terms as outlined above.

___ Any and all net proceeds from ___debtor or ___debtor spouse pending _____ claim to be paid into the plan as additional plan payments, except for Court approved legal fees and expenses. In the event debtor(s) has claimed an exemption to these proceeds on schedule C, that exemption shall be and is hereby stricken with the settlement proceeds to be paid into the plan.

___ Debtor(s) required to provide Trustee with proof of liability and/or full coverage insurance on their vehicles and/or real properties by _____ and to maintain the same throughout the life of this plan.

___ Case subject to dismissal without notice or hearing upon Trustee certification of delinquent payment(s).

___ Debtor(s) is barred from filing another bankruptcy case under title 11 of the United States Code for 180 days from dismissal date in the event case is dismissed for any reason.

___ Debtor(s)' Chapter 13 attorney fees shall be paid in the amount of $_____, less $_____ previously paid by the debtor(s). This hereby amends any prior attorney disclosure previously filed.

Notice to creditors is not required since modification does not adversely affect the rights of creditors or creditors have consented to modification. Any required notice to debtor(s) is the responsibility of debtor(s)' counsel.

_____　　　　_____
Chapter 13 Trustee (w/p-p-)　　　　　　　　Attorney for Debtor(s)

## IN THE U.S. BANKRUPTCY COURT FOR THE EASTERN DISTRICT OF TENNESSEE
## CHAPTER 13 PLAN

____ Original    __X__ Amended Pre-Confirmation    ____ Modified Post-Confirmation

IN RE:    John David Moore    CASE NUMBER: 3:16-bk-30708-SHB
         Patricia Anne Moore

         Debtor(s)

1. **PLAN PAYMENT/TERM.** The debtor(s) shall make plan payments of **$765.00** on a _____ weekly; _____ bi-weekly; _____ semi-monthly; or __X__ monthly basis over a term of **60 months** by __X__ **direct pay** or _____ wage order. If payments are by wage order, debtor(s) shall be responsible for making plan payments directly to the Trustee until the employer commences wage order deductions. Debtor(s) shall commence plan payments not later than 30 days from the date of filing of the plan; provided, however, debtors shall make a full month of plan payments within 30 days from filing if the plan provides for the payment of filing fees, adequate protection payments, and/or secured creditor payments.

2. **TAX REFUNDS.** In addition to the plan payments in Paragraph 1, debtor(s)' tax refunds and/or earned income credits shall be paid into the plan as follows: ____ none; ____ all; or, __X__ **in excess of $1,000.00**. A tax intercept order shall be issued for the debtor(s)' tax refund to be remitted directly by the Internal Revenue Service to the Trustee with the Trustee refunding debtor(s)' portion of the tax refund; provided, however, debtor(s) shall remit the required tax refund monies directly to the Trustee, if not intercepted. If the debtor(s) is delinquent in plan payments at the time of tax intercept, then the entire tax refund/credit shall be paid into the plan with the debtor(s)' portion of the refund applied to the plan arrearage and the balance, if any, refunded to the debtor. In the event of a joint tax refund, the debtor must supply an affidavit from the non-filing spouse necessary for tax refund distribution herein.

3. **PROPERTY OF THE ESTATE/INSURANCE.** Debtor(s)' income and assets remain property of the estate and do not vest in the debtor until completion of the plan. Debtor(s) shall be responsible for any and all legal or contractual insurance requirements required to be maintained on estate properties. Debtor(s) retaining possession of personal property subject to a lease or securing a claim attributable to the purchase price of personal property shall within 60 days of bankruptcy filing provide the creditor with proof of full coverage insurance and maintain the same so long as the debtor(s) shall retain possession of said property.

4. **PRIORITY AND ADMINISTRATIVE EXPENSES.** Such expenses under 11 U.S.C. §503(b) and §1326 shall be paid in full with claims entitled to priority under 11 U.S.C. §507(a) paid in full in deferred cash payments.

    a)    Debtor(s)' **Chapter 13 attorney fees** shall be paid in the amount of **$3,000.00**, less **$0.00** previously paid by the debtor(s).

    b)    **Tax claims** to be paid as secured, priority, and/or unsecured non-priority in accordance with the filed claim.

    c)    **Domestic support obligation claims** shall be paid as priority; provided, however, any child support and/or alimony obligations which are current at the time of filing and are being paid directly or by wage order deductions shall continue with no payments by the Trustee and per 11 U.S.C. §362(b)(2)(A)(ii) no stay shall be in effect for the establishment or modification of an order for these domestic support obligations. 11 U.S.C. §507 (a)(1)(B) domestic support obligations assigned to a governmental unit may be paid less than 100% in the event this is a five year plan providing for all disposable income; and, these specific assigned domestic obligations are identified as, and shall be paid by the Trustee as follows:

    _____
    _____
    _____

5. **POST PETITION** claims allowed under 11 U.S.C. §1305 shall be paid in full. The debtor(s), however, must stay current with post-petition tax obligations. In the event the debtor(s) have self-employment income, all required quarterly estimated tax payments shall be timely made. In the event the debtor(s) have income subject to withholding, the debtor(s)

shall ensure that sufficient sums are withheld to cover tax liabilities. Debtor(s) shall timely file all required federal and/or state tax returns and remit any balance due with the return. Failure to comply with any of these provisions may result in the dismissal of the case upon motion by any governmental entity and/or Trustee.

6. **SECURED CREDITOR CLAIMS** shall be filed and administered in accordance with applicable Federal Rules of Bankruptcy Procedure, including but not limited to Rules 3001 and 3002.1. Per Local Bankruptcy Rule 3001-1 (a) and (b), all creditors asserting a security interest in property of the debtor(s) and/or estate must, prior to the meeting of creditors, file proof that the asserted security interest has been perfected in accordance with applicable law, regardless of whether the plan proposes to pay the claim by the Trustee or directly by the debtor(s). Claims are subject to objection if they are not properly documented and/or perfected regardless of confirmed plan treatment. Claims filed as secured but not given a secured plan treatment hereinafter shall be paid as unsecured.

7. **NON-PURCHASE MONEY SECURITY INTEREST** lien claims of the following creditors are avoided and paid as unsecured: _____
_____

8. **SECURED CLAIMS PAID BY THIRD PARTY.** The Trustee shall make no payments on the following secured lien claims which shall be paid directly by the designated individual; provided, however, in the event of non-payment by the designated individual, an amended deficiency claim shall be allowed unless provided otherwise.

| Creditor | Collateral | Designated Individual |
|---|---|---|

9. **SURRENDERED REAL OR PERSONAL PROPERTY :** The debtor(s) surrenders the following collateral for sale/foreclosure by the secured creditor, and, unless noted otherwise, the creditor shall file and be paid an amended unsecured deficiency claim which shall relate back to a *timely* filed secured claim. In order for the amended deficiency claim to relate back to the original claim, the amended claim must be filed within one hundred twenty (120) days from the claims bar date unless the creditor during this time seeks and is granted additional time within which to file any amended deficiency claim.

| Creditor | Collateral |
|---|---|

10. **LONG-TERM SECURED PERSONAL PROPERTY LIEN(S):** A long-term personal property lien (mobile homes or vehicles extending beyond plan term) exists in favor of _____. The secured creditor shall be paid a monthly maintenance installment per the claim, but said installment is estimated to be $____ per month; and, the estimated prepetition arrearage is $____ which shall be paid in full per the claim in monthly installments of $____ at ____% interest. This claim shall be paid ____ by the Trustee; or, ____ directly by the debtor(s). The lien shall survive the plan.

11. **SECURED PERSONAL PROPERTY CLAIMS:** The holders of the following secured liens shall be paid the secured amount, interest rate and monthly payment over the plan term. Any portion of the allowed claim exceeding the specified amount shall be paid as unsecured; provided, however, the lien securing the claim shall be retained until the earlier of: (a) payment of the underlying debt determined under non-bankruptcy law; or (b) discharge under 11 U.S.C. §1328. If this case is dismissed or converted prior to completion, the lien is retained to the extent recognized by applicable non-bankruptcy law. Secured creditors eligible under 11 U.S.C. §1326(a)(1)(C) for pre-confirmation adequate protection payments shall be paid $50.00 a month until confirmation upon tendering the Trustee an adequate protection order.

| Creditor | Collateral | Amount | Payment | Interest Rate |
|---|---|---|---|---|
| Credit Acceptance | 2006 Kia Optima | To be paid in full (Est. at $960.00) | $20.00 | 6.00% |
| PRA Receivables | 2001 Ford F350 | $3,000.00 | $60.00 | 5.00% |

12. **MORTGAGE CLAIMS:** Mortgage lien holders shall file claims per applicable Federal Rules of Bankruptcy Procedure (FRBP), including but without limitation, Rules 3001 and/or 3002.1. Claims shall be administered and paid by the Trustee in accordance with said rules, absent objection. Mortgage creditors receiving maintenance installments hereunder shall be paid the monthly mortgage installment payment per the claim; and the pre-petition mortgage arrearage claim amount shall be paid in equal monthly installments over the life of the plan unless a

greater amount is specified. Creditors filing mortgage claims secured by debtor(s) principal residence shall file: Mortgage Proof of Claim Attachment B10 (Attachment A); Notice of Mortgage Payment Changes on Form B10 (Supplement 1); and Notice of Post-Petition Mortgage Fees, Expenses, and Charges on Form B10 (Supplement 2). The Trustee shall pay any Notice of Payment Change filed per FRBP 3002.1(b) as of its effective date, absent or until resolution of any objection to the same. The Trustee shall pay any Notice of Post-Petition Mortgage Fees, Expenses and Charges filed per FRBP 3002.1(c), absent or until resolution of an objection or motion filed per FRBP 3002.1(e) to determine the validity of the fees, expenses and charges.

(A) **PRINCIPAL RESIDENCE SECURED MORTGAGE(S) PER (11 U.S.C. §1322(b)(5)):** The debtor(s) have a second mortgage lien in favor of **Regions Bank,** whose estimated monthly mortgage payment is **$65.00** and the estimated pre-petition mortgage arrearage is **$229.00** which shall be paid in monthly installments of **$15.00** at **0.00% interest**. This mortgage shall be paid _X_ by the Trustee; or _____ directly by the debtor(s). The foregoing lien shall survive the plan.

(B) **SECURED LONG-TERM MORTGAGE(S) OTHER THAN PRINCIPAL RESIDENCE:** The debtor(s) own real property located at _____, which is subject to a first mortgage lien in favor of _____ whose estimated monthly mortgage payment is $_____, and the estimated pre-petition mortgage arrearage is $_____, which shall be paid in monthly installments of $_____ at _____% interest. This mortgage shall be paid _____ by the Trustee; or _____ directly by the debtor(s). The foregoing lien shall survive the plan. The debtor(s) have a second mortgage lien in favor of _____ whose estimated monthly mortgage payment is $_____, and the estimated pre-petition mortgage arrearage is $_____, which shall be paid in monthly installments of $_____ at _____% interest. This mortgage shall be paid _____ by the Trustee; or _____ directly by the debtor(s). The foregoing lien shall survive the plan.

(C) **STRIPPED MORTGAGE(S)/JUDGMENT LIEN(S):** The debtor(s) own real property located at _____ which is subject to a mortgage or judgment lien in favor of _____. This lien is not subject to any discharge exception, but is completely unsecured and, is therefore avoided, stripped down and paid as a non-priority, unsecured creditor as provided for under this plan; and, the lien shall be released by the creditor not later than 30 days after the completion of the plan and discharge of debtor(s).

(D) **MORTGAGE(S)/JUDGMENT LIEN(S) TO BE PAID IN FULL OVER PLAN TERM:** The debtor(s) own real property located at 2416 Goins Road Louisville, TN 37777, which is subject to a mortgage and/or judgment lien in favor of **Federal National Mortgage Association**. The balance is estimated at $ **19,767.00** ; however, the actual principal balance per the claim shall be paid in full over the plan term in monthly installments of $ **391.00** at **5.63** % interest. The lien shall be released by the creditor not later than 30 days after completion of the plan and discharge of the debtor(s).

13. **NON-PRIORITY UNSECURED CREDITORS** shall be paid pro-rata by the Trustee on a funds available basis which may exceed, but will not be less than the following dividend range: ____ 0%; ____ 1%-5%; _X_ 6%-20%; ____ 21% -70%, ____ 71% - 100%; or ____ 100%

14. **COSIGNED DEBT.** The following cosigned claims shall be paid by the Trustee in full at the claim contract rate of interest not to exceed 24% interest for the full protection of co-debtor(s):

| Creditor | Approximate Balance | Monthly Payment |
|---|---|---|

15. **EXECUTORY CONTRACTS AND UNEXPIRED LEASES.** Except for the following which are assumed, all executory contracts and unexpired leases are rejected with any claim arising from rejection to be paid as unsecured. Assumed contracts, as follows, are to be paid outside of the plan, directly by the debtor(s):

Direct TV

16. **QUALIFIED RETIREMENT AND/OR PENSION** loans or claims shall be paid directly by debtor(s) pursuant to the terms of plan administration with no payments by the Trustee.

17. *SPECIAL PROVISIONS.

Copies of signed federal income tax returns and attachments as filed with the Internal Revenue Service shall be supplied to the Trustee's office annually, no later than April 30th of each year, unless notified by the Trustee's office in writing that copies of said returns are no longer required.

April 21, 2016

John David Moore

Patricia Anne Moore

/s/ Zachary S. Burroughs
Zachary S. Burroughs, # 025896
Clark & Washington, LLC
Attorneys for Debtor(s)
408 S. Northshore Drive
Knoxville, TN 37919
(865) 281-8084 (phone)
(865) 862-8967 (fax)
cwknoxville@cw13.com